## APPEAL OF PETERSEN MOTORS, INC.

Docket No. 4577.    Submitted October 13, 1925.    Decided January 21, 1926.

*Edgar T. Wagner, C. P. A.*, for the taxpayer.
*Ellis W. Manning, Esq.*, for the Commissioner.

Before GRAUPNER, TRAMMELL, and PHILLIPS.

This is an appeal from the determination of a net deficiency of $236.75 for the period from March 15, 1920, to December 31, 1922. For the period from March 15 to December 31, 1920, the Commissioner found neither a deficiency nor an overassessment; for the year 1921 he found an overassessment of $447, and for the year 1922 he found a deficiency of $683.75. The controversy arose out of the disallowance by the Commissioner of a deduction for the year 1920 of an amount of $7,900, stated to have been paid for a lease. The taxpayer now alleges error on the part of the Commissioner in refusing to allow it to prorate the amount over the unexpired term of the lease.

### FINDINGS OF FACT.

The taxpayer is a corporation, organized in March, 1920, and doing business as an automobile agency at Philadelphia, Pa.

F. J. Petersen and W. F. Smith, having made arrangements to acquire the agency for the sale of Jordan automobiles at Philadelphia, went to that city in February, 1920, to locate a place of business. No suitable place of business was then available, except the premises at 919 North Broad Street, then in possession of the McCurdy Brainard Co., whose contract for the sale of Jordan cars had been canceled. Petersen and Smith, as individuals, entered into a contract with that company on February 26, 1920. The contract provided, among other things, for the acquisition by them of those premises.

The parts of that contract material to this appeal are as follows:

6. Messrs. Petersen and Smith agree to pay to the McCurdy Brainard Co., Inc., a sum of $7,900.00 which the McCurdy Brainard Co., Inc., figure is their cost of securing, arranging and equipping their present place of business located at 919 North Broad St., Philadelphia.

\*    \*    \*    \*    \*    \*    \*

8. The McCurdy Brainard Co. agree to turn over to Messrs. Petersen and Smith the lease which they now have on the building which they occupy at 919 North Broad St., and which lease expires thirty-three (33) months after April 1, 1920. Messrs. Petersen and Smith are to pay the same monthly rental, namely $812.50, as the McCurdy Brainard Co., Inc. now pay. In the event that the McCurdy Brainard Co., Inc. are not able to arrange a transfer of the lease, they are to effect an arrangement whereby they agree to sublease the building to Messrs. Petersen and Smith at the rate mentioned.

9. The McCurdy Brainard Co., Inc. agree to turn over to Messrs. Petersen and Smith on the morning of March 15th any bona fide, unfilled orders covering retail sales with deposits attached. It is understood that Messrs.

Petersen and Smith will make delivery of the cars covered by such orders, and upon delivery of cars covered by such orders, will divide the commission fifty-fifty and will pay to the salesman who sold the car his commission out of the fifty per cent belonging to the McCurdy Brainard Co., sending to the McCurdy Brainard Co. a remittance for the balance due them.

10. The McCurdy Brainard Co., Inc. state that they have at the present time a number of orders covering sales made in Philadelphia, known as retail orders, on which they have not secured any deposit. It is understood that they will turn these orders over to Messrs. Petersen and Smith.

11. McCurdy Brainard Co., Inc. state that they have contracts with various dealers throughout the territory to be covered by Messrs. Petersen and Smith and that they have at the present time orders from various dealers in this territory for immediate shipment. They agree to turn over to Messrs. Petersen and Smith any unfilled orders they have on March 15th.

12. The McCurdy Brainard Co., Inc. state that they have at the present time cash deposits from various dealers in the territory. They agree to retain these deposits, giving to Messrs. Petersen and Smith the opportunity of first interviewing the various dealers with the idea of inducing them to continue to do business with them. In cases where they are successful they will endeavor to have the dealer give them an order on the McCurdy Brainard Co., Inc., authorizing the McCurdy Brainard Co., Inc., to transfer to Messrs. Petersen and Smith such deposits.

#### DECISION.

The determination of the Commissioner is approved.

---

## APPEAL OF BLOGG & LITTAUER, INC.

Docket No. 5297.   Submitted December 8, 1925.   Decided January 21, 1926.

*Claude A. Hope, Esq.*, for the taxpayer.
*P. J. Rose, Esq.*, for the Commissioner.

### Before PHILLIPS and TRAMMELL.

This is an appeal from the determination of a deficiency of $1,147.28, the Commissioner having determined a deficiency of $3,684.21 income and profits taxes for the fiscal year ending November 30, 1918, and overassessments of $766.47 and $1,770.46 for the respective fiscal years ending November 30, 1917, and November 30, 1919. Taxpayer alleges error for failure to permit as a deduction $6,500 voted to officers as additional salaries for 1918.

#### FINDINGS OF FACT.

The taxpayer is a New York corporation, with its principal office in the City of New York, engaged in the sale of cloaks and suits for women. During the years involved in this appeal, Solomon E. Blogg, the president, was the owner of 432 shares of the capital stock, and Edward R. Peckerman, the treasurer, was the owner of 165 shares of the capital stock of taxpayer. Six hundred shares